UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PAYNE PROPERTY MANAGEMENT, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 19-323-DCR |
| V. | ) ) | |
| CITY OF MT. STERLING, KENTUCKY, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Payne Property Management, LLC ("Payne") has filed a motion to dismiss the counterclaim asserted by Defendants Mt. Sterling Water and Sewer Commission ("MSWS") and the City of Mt. Sterling, Kentucky. [Record No. 4] Payne argues that the defendants have failed to state a claim for a prescriptive easement because they have not pleaded sufficient facts to support the hostility element. [Record No. 4] The Court has carefully reviewed the pleadings and finds that dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is not appropriate.

**I.**

Payne acquired Lot 1 of the Southridge Subdivision, consisting of approximately 1.6 acres near KY 686, Tilghman Way, and Skyview Drive in Mt. Sterling, Kentucky, on November 12, 2014. [Record No. 1-4, p. 2, ¶ 6] The property remains undeveloped. However, in November 2018, the plaintiff was approached by a third party interested in developing the lot. *Id.* at pp. 2-3, ¶¶ 7-9. Payne agreed to sell the lot to the third party, but in March 2019,

prior to closing, it discovered the existence of an underground sewer line maintained by MSWS. [Record Nos. 1-4, p. 3, ¶¶ 10-11, 1-9, p. 3, ¶ 7] The third party did not purchase the property due to concerns that the sewer line would impair the lot's development. *Id.* at p. 3, ¶¶ 15-16. Thereafter, on June 20, 2019, Payne filed this action in the Montgomery Circuit Court. [Record Nos. 1-1, 1-4, p. 4, ¶ 20]

After the plaintiff amended its complaint [Record No. 1-4], the defendants filed an Answer and Counterclaim on August 5, 2019. [Record No. 1-9] The Counterclaim asserts that "MSWS has acquired a prescriptive easement to use the underground sewer line located on the Tilghman Property." *I.* at p. 7, ¶ 9. The defendants state that MSWS installed the sewer line in 2002. *Id.* at p. 6, ¶ 4. They claim that throughout the sixteen years since installation, the lot's owners have "had notice of MSWS's possession of the line due to the marking of the line by the above-ground manholes and MSWS's continuous maintenance of the line." *Id.* at p. 7, ¶ 9. The defendants agree that Payne acquired the property in 2014 and intended to sell it in 2019. *Id.* at p. 6-7, ¶¶ 5-6. Finally, they note that "Payne Property contacted MSWS in 2019 regarding the sewer line and indicated that the sewer line was problematic. MSWS provided several options to remedy the issue which were all unsatisfactory to Payne Property." *Id.* at p. 7, ¶ 7.

The defendants removed the case to this Court, asserting that jurisdiction is appropriate due to the plaintiff's 5th and 14th Amendment takings claims as well as claims under 42 U.S.C. §§ 1983 and 1988. [Record No. 1] Payne has now moved to dismiss the Counterclaim for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 4]

## II.

Under Rule 8(a)(2) of the Federal rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). Further, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a party is entitled to relief based on the facts it has pleaded. *Id.*

Here, the Counterclaim contends that MSWS has acquired an easement by prescription. In Kentucky, a party that seeks to "acquir[e] a private easement by prescription must meet *all* the elements of adverse possession." *Ellington v. Becraft*, 534 S.W.3d 785, 796 (Ky. 2017) (citing *Columbia Gas Transmission Corp. v. Consol of Kentucky, Inc.*, 15 S.W.3d 727, 730 (Ky. 2000)). This means that "a prescriptive easement can be acquired by actual, hostile, open and notorious, exclusive, and continuous possession of the property for the statutory period of fifteen years." *Columbia Gas*, 15 S.W.3d at 730 (citing Ky. Rev. Stat. § 413.010 for the fifteen year statutory period).

The acts sufficient to establish these elements "depend on the nature of the interest to be possessed." *Id.* In the context of underground pipe usage, the Supreme Court of Kentucky has noted: "if the owner of the land which it occupies throughout its length has notice of its existence, it could hardly be said that the right to maintain it was not adverse because the pipe was not visible or its use apparent." *Riley v. Jones*, 174 S.W.2d 530, 532 (Ky. 1943).

The hostility element hinges on whether the party claiming the easement had permission to use the property or the party has used the property under a "claim of right." Permission causes a "prescriptive easement claim [to] fail[] for lack of use that is hostile to the landowner." *Melton v. Cross*, 2018-SC-000336-DG, 2019 WL 4072849, at *1 n. 3 (Ky. August 29, 2019) (internal citation omitted). Further, "[i]t is a well settled rule that use of property by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription . . . ." *McCoy v. Hoffman*, 295 S.W.2d 560, 561 (Ky. 1956). Still, "[c]ontinuous, uninterrupted use of [property] without interference for 15 years or more raises a presumption the use was under a claim of right and the burden shifts to the opposing landowner to present evidence to rebut the presumption showing it was merely permissive." *Cole v. Gilvin*, 59 S.W.3d 468, 475 (Ky. Ct. App. 2001) (citing *Ward v. Stewart*, 435 S.W.2d 73, 75 (Ky. 1968); *Finney v. Deweese*, 252 S.W.2d 6 (Ky. 1952); *Lyle v. Holman*, 238 S.W.2d, 157, 160 (Ky. 1951)).

The Counterclaim will survive the present motion if the defendants have alleged facts that could plausibly give rise to a prescriptive easement claim. These facts must relate to all elements of a prescriptive easement, including hostility. Nevertheless, it appears that the counterclaimants can meet their initial burden regarding this element by alleging consistent maintenance and use of the sewer line for the statutory period without explicitly alleging that its installation or subsequent use was nonpermissive. Such allegations shift the burden to the plaintiff to present evidence that the use was permissive at some point over the sixteen years in question. *See* Fed. R. Evid. 302 ("In a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision.").

**III.**

The defendants have met their initial burden because they have alleged facts that could plausibly give rise to a claim of prescriptive easement. They need not explicitly state that the hostility element has been met because the *Twombly/Iqbal* standard focuses on the sufficiency of pleaded facts rather than recitation of a claim's elements. *Iqbal*, 556 U.S. at 678. Further, in this case, they need not assert that the installation or use of the line under the lot in question was nonpermissive. They have alleged that MSWS installed the sewer line in 2002, serviced it for sixteen years, and put the current and previous owners of the lot on notice with its maintenance of the line and above-ground manholes marking it. It is arguable that the allegation regarding sixteen years of notice to the lot's owners speaks to the element of hostility as well as "open and notorious." Still, these assertions, considered true for the purposes of the present motion, at least trigger the presumption that MSWS acted with hostility under a claim of right.

Payne contends that permissive installation of the sewer line in 2002 could prevent the plaintiff from demonstrating the hostility element [Record No. 4-1, p. 4] and that the present disagreement between the parties does not establish the pipe's use was hostile before the plaintiff approached the defendants. [Record No. 9, p. 3] These are sound arguments, but they fail to account for the fact that a party's continuous and uninterrupted use of property over a fifteen year period triggers the presumption that the party has acted without permission under a claim of right. Assuming the Counterclaim's factual allegations are true, Payne must come

forward with evidence that MSWS acted with permission when it installed or maintained the sewer line if the plaintiff seeks to defeat the Counterclaim for lack of hostility.[1]

### IV.

Based on the forgoing analysis and discussion, it is hereby

**ORDERED** that the plaintiff's motion to dismiss the defendants' Counterclaim [Record No. 4] is **DENIED**.

Dated: September 24, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[1] It is worth noting that while permissive installation of the sewer line under the lot in 2002 could destroy the hostility element, permissive use and maintenance of the line *at any point* would also jeopardize the prescriptive easement claim because use must be hostile for the entire fifteen year statutory period. *Columbia Gas*, 15 S.W.3d at 730.