UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PAYNE PROPERTY MANAGEMENT, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 19-323-DCR |
| V. | ) ) | |
| CITY OF MT. STERLING, KENTUCKY, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants City of Mt. Sterling, Kentucky and Mt. Sterling Water and Sewer Commission (collectively "Mt. Sterling" or "the defendants") have filed a motion to compel Plaintiff Payne Property Management, LLC ("Payne") to pay the costs associated with the plaintiff's deposition of their expert, R. J. Robinson. [Record No. 45] The plaintiff also seeks to recover attorneys' fees and costs associated with the pending motion. Having considered the matter, the Court will grant the motion to compel but deny the request for attorneys' fees and costs associated with the motion.

**I.**

The parties scheduled Roinson's deposition for March 4, 2020. [Record No. 45-3] The parties had also scheduled the deposition of the plaintiff's expert witness, William Berkley, for March 5, 2020. [Record No. 45-1, p. 1] Payne deposed Robinson as scheduled. Later in the evening of March 4, 2020, the parties reached a settlement in principle, and Berkley's deposition was canceled. [*Id.*] Counsel for the defendants indicates that she informed counsel

for the plaintiff that Mt. Sterling would not agree to bear the costs of Robinson's deposition. [*Id.* at p. 2]  She further states that the "[d]efendants were left with the understanding that [the p]laintiff would pay Mr. Robinson's deposition costs as agreed upon." [*Id.*]

On March 5, 2020, Berkley submitted an invoice to the plaintiff for two-and-a-half hours of expenses relating to preparation ("preparation costs") for the subsequently-canceled deposition.  [Record No. 48-2]  He charged a rate of $150.00 per hour for a total of $375.00. [*Id.*]

On March 6, 2020, the parties filed a joint motion to stay deadlines while they negotiated a final settlement agreement.  [Record No. 40]  The Court vacated all remaining deadlines pending final settlement of the case and directed the parties to tender a proposed agreed order of dismissal with prejudice within forty-five days.  [Record No. 41]

Robinson submitted an invoice to the defendants' counsel regarding the costs of his deposition on March 9, 2020.  [Record No. 45-3]  He claimed eight hours of deposition preparation costs and eight hours of expenses relating to attending the deposition ("day-of costs"). [*Id.*]  The day-of costs included Robinson's travel between Ashland, Kentucky and Lexington, Kentucky.  [Record No. 45-7, p. 1]  Robinson billed $75.00 per hour, for a total of $600.00 in preparation costs and $600.00 in day-of costs.  [Record No. 45-3]

On April 17, 2020, the parties tendered a proposed agreed order of dismissal with prejudice, "with each side bearing its own costs and attorneys' fees."  [Record No. 43]  The Court dismissed the action, with prejudice, that same day, and the Order of dismissal echoed the parties' proposed agreed order by stating that "[t]he  parties shall bear their respective costs, attorneys' fees, and expenses."  [Record No. 44]

- 2 -

The parties have provided various correspondences that discuss their subsequent negotiations about payment of the expert deposition costs.  In one e-mail, counsel for the plaintiff appears to indicate that Payne would pay the $600.00 day-of costs relating to Robinson's deposition.  [Record No. 45-9, p. 2]  These negotiations did not resolve the matter, and Mt. Sterling filed the pending motion to compel on June 3, 2020.  [Record No. 45]

## II.

The defendants argue that the Court should compel payment of the deposition costs under: (1) the April 17, 2020 Order dismissing the case; (2) Rule 26 of the Federal Rules of Civil Procedure; (3) the terms of the parties' settlement agreement; and (4) an oral agreement between the parties prior to entering into the settlement agreement.  [Record No. 45]  The motion to compel touches on the Court's jurisdiction to generally compel the payment of costs after settlement and dismissal of the case [*Id.* at pp. 6-7], but the Court notes that doing so would necessarily require interpretation and enforcement of its prior Order, the Federal Rules of Civil Procedure, the settlement agreement, or oral negotiations between the parties.  Therefore, a closer look at jurisdiction is warranted.

"It is well established that a federal court may consider collateral issues after an action is no longer pending."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).  A motion for costs or attorneys' fees requires a determination of collateral issues and may be considered after the principal suit has been dismissed.  *Id.*  (citations omitted).  At least one court has considered a motion for payment of expert witness fees under Rule 26 after the entry of judgment in a case.  *See Ovella v. B&C Const. and Equip., LLC*, No. 1:10-CV-285–LG–RHW, 2012 WL 3267530, at *1 (S.D. Miss. Aug. 9, 2012).

Additionally, a federal district court may exercise ancillary subject matter jurisdiction over a claim that it otherwise could not adjudicate to, *inter alia*, "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees . . . ." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380 (1994). And a district court "always has jurisdiction to enforce its own orders." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 504 (6th Cir. 2000) (citing *Kokkonen* 511 U.S. at 380-81; *American Town Center v. Hall 83 Assocs.*, 912 F.2d 104, 110 (6th Cir. 1990)). However, "a federal district court lacks jurisdiction to enforce a settlement agreement terminating litigation unless the court 'expressly retained jurisdiction to enforce the settlement agreement' or 'incorporated the terms of the settlement into the dismissal order.'" *McAlpin*, 229 F.3d at 501 (quoting *Kokkonen*, 511 U.S. at 380-81).

Mt. Sterling generally asks the Court to compel the payment of deposition costs and attorneys' fees and costs relating to the pending motion. The Court can generally consider such a motion that concerns these collateral issues, and it is clear that the Court retains jurisdiction to enforce its own Order of dismissal. Based on the holding in *Ovella*, the Court will proceed with the understanding that it may entertain a motion for expert witness deposition costs under Rule 26.

That said, the Court declines to consider the terms of the settlement agreement or any oral agreement among the parties regarding responsibility for expert deposition costs. The Court's Order dismissing this case did not retain jurisdiction to enforce the settlement agreement, and it likewise did not incorporate the terms of the settlement agreement.[1]

---

[1]    In fact, the parties did not tender the settlement agreement to the Court prior to the entry of the Order of dismissal.

Therefore, the Court lacks ancillary jurisdiction over the settlement agreement. Further, consideration of an oral agreement would involve either: (1) treatment of oral negotiations as parol evidence relating to enforcement of the settlement agreement; or (2) treatment of such negotiations as a separate contract. Importantly, it does not appear that there is a separate basis for jurisdiction over the settlement agreement or any oral agreement between the parties (*e.g.*, diversity jurisdiction). *See Limbright v. Hofmeister*, 566 F.3d 672, 676 (6th Cir. 2009) ("[W]e conclude that *Kokkonen* and this court's case law allow an 'independent basis for federal jurisdiction,' such as diversity or federal question jurisdiction, to support summary enforcement [of a settlement agreement]."). Thus, the Court finds that it lacks subject matter jurisdiction to enforce the settlement agreement or oral negotiations and will proceed without analyzing those issues.

### III.

Mt. Sterling claims that Payne is responsible for all charges incurred by Robinson's deposition. [Record No. 45] Payne responds that it is responsible for none of the charges but insists that if it must pay any of these costs, it is not liable for the $600.00 of charges incurred by the defendant's witness to prepare for the deposition under Rule 26. [Record No. 48, pp. 3-4]

Regarding Robinson's day-of costs, the Court agrees with the defendants that the plaintiff is obligated to pay. This Court's prior Order directed that "[t]he parties shall bear their respective costs, attorneys' fees, and expenses." [Record No. 44] Payne now contends that Mt. Sterling effectively seeks a modification of that Order to provide the relief requested, but this argument is not persuasive. [Record No. 48, p. 4] If the Order's language is to have any meaning, Payne must bear at least *some* costs that it has incurred. And clearly, it incurred

the day-of deposition costs because the charges would not exist if the plaintiff had not taken the deposition.

Additionally, Rule 26 indicates that the plaintiff should bear the day-of costs. Rule 26(b)(4)(E)(i) provides that, "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Further, the 1993 Advisory Committee Notes to Rule 26 indicate that "[c]oncerns regarding the expense of such depositions should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition." As the day-of expenses ostensibly related to "time spent in responding to discovery" under Rule 26(b)(4)(A) ("Deposition of an expert who may testify"), the Rule indicates that the Court must require Payne to pay the costs at issue, absent manifest injustice. There is no indication that manifest injustice would result from Payne's payment of day-of costs and, in fact, the plaintiff offers no specific argument regarding the responsibility to pay such expenses under the Federal Rules of Civil Procedure. Because the Order dismissing the case and Rule 26(b)(4)(E) contemplate Payne's payment of day-of costs, the Court will compel the plaintiff to pay the $600.00.

The parties primarily contest the responsibility to pay the other $600.00 of Robinson's preparation costs. Mt. Sterling argues that several courts to consider the matter have found that preparation costs are attributable to the party seeking discovery. [Record Nos. 45, p. 8 (citing *Se-Kure Controls, Inc. v. Vanguard Prods. Group, Inc.*, 873 F. Supp. 2d 939, 956 (N.D. Ill. 2012); *Schmidt v. Solis*, 272 F.R.D. 1 (D. D.C. 2010); *Borel v. Chevron U.S.A., Inc.*, 265 F.R.D. 275, 278 (E.D. La. 2010)) and 49, pp. 6-7 (citing *Cohen v. Jaffe, Raitt, Heuer, and Weiss, P.C.*, 322 F.R.D. 298, 301 (E.D. Mich. 2017); *Rote v. Zel Custom Mfg., LLC*, 2:13-cv-

1189, 2018 WL 2093619, at *4 (S.D. Ohio May 7, 2018); *Boos v. Prison Health Servs.*, 212 F.R.D. 578, 580 (D. Kan. 2002); *Collins v. Village of Woodbridge*, 197 F.R.D. 354 (N.D. Ill. 1999); *Hose v. Chicago and North Western Transp. Co.*, 154 F.R.D. 222, 228 (S. D. Iowa 1994).] Payne contends that the Court should adhere to the analysis of an unpublished opinion from the United States District Court for the Western District of Kentucky, *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-208-CRS, 2017 WL 6940735, at *1 (W.D. Ky. Dec. 18, 2019), which found that expert fees relating to preparation for a deposition are not borne by the party seeking discovery.[2]

The Court agrees with the defendants that preparation costs are recoverable in this case. The court in *Brown* itself noted that a majority of districts have found that Rule 26(b)(4)(E) allows for the recovery of reasonable preparation costs. *Id.* at *3 (citing *Borel*, 265 F.R.D. at 277 (collecting cases)). And as courts within the Sixth Circuit have recognized, "time spent preparing for a deposition is, literally speaking, time spent responding to discovery" as outlined by Rule 26(b)(4)(E). *Kohn v. Glenmede Trust Co., N.A.*, No. 1:19-cv-1352, 2019 WL 7372320, at *3 (N.D. Ohio Dec. 31, 2019) (citations omitted); *Rote*, 2018 WL 2093619, at *4 (quoting *Collins*, 197 F.R.D. at 357). Further, "[t]he drafters of the rule could have easily limited compensation to 'time spent in deposition,' and their choice not to do so indicates a broader compensation intent." *Kohn*, 2019 WL 7372320, at *4 (citing *Cohen*, 322 F.R.D. at 301). The Court's April 17, 2020 Order dismissing the case likewise uses broad language to

---

[2]    It is worth noting that *Brown* actually supports Mt. Sterling's argument that day-of costs should be borne by the plaintiff under Rule 26. *Brown*, 2019 WL 6898663, at *3 ("Accordingly, this court concludes that Rule 26 generally requires the deposing party to pay for time experts spend traveling to and participating in depositions, but not for time spent 'preparing' to be deposed.").

require the parties to bear their own costs.  Thus, the Court concludes that Rule 26(b)(4)(E) and the Order dismissing the case support the payment of deposition preparation costs by the party seeking discovery.

Payne takes great issue with the fact that Mt. Sterling has not paid the $375.00 deposition preparation costs of Berkley, the plaintiff's expert.  [Record No. 48, p. 5]  The plaintiff projects that the $225.00 difference between the experts' preparation costs motivated the filing of the pending motion.  [*Id.*]  Counsel for the defendants has indicated in an affidavit that she did not become aware of the plaintiff's expert's preparation costs until Payne mentioned them in its response to the pending motion and attached an invoice.  [Record Nos. 49, p. 5 and 49-1]  Regardless, defense counsel concedes in her reply brief that Mt. Sterling is obligated to pay Berkley's preparation costs.  [Record No. 49, p. 5]  To avoid any further confusion on this issue, the Court finds that deposition preparation costs should be borne by the parties requesting the depositions and will direct the defendants to pay Berkley's preparation costs.

## IV.

Finally, the defendants seek attorneys' fees and costs associated with filing the pending motion.  [Record Nos. 45, p. 9 and 49, pp. 8-9]  In support, they cite Federal Rule of Civil Procedure 37 and the Court's inherent authority to sanction bad faith conduct.  [Record No. 49, pp. 8-9 (citing *Big Yank Corp. v. Liberty Mutual Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997).]  The Court declines to grant the defendants' request for two reasons.

First, Mt. Sterling offers no authority indicating that attorneys' fees or costs are recoverable in these circumstances under Rule 37.  This rule ostensibly includes provisions that account for expenses and fees associated with compelling compliance with certain aspects

of discovery itself, but it does not provide for sanctions relating to a failure to pay for expert witness depositions under Rule 26(b)(4)(E).  Accordingly, the Court will not award fees and costs under Rule 37.

Second, the Court declines to impose sanctions for bad faith utilizing its inherent power.  Generally, "to award attorney fees under this bad faith exception, a district court must find [1] that 'the claims advanced were meritless, [2] that counsel knew or should have known this, and [3] that the motive for filing the suit was for an improper purpose such as harassment.'" *Big Yank Corp.*, 125 F.3d at 313 (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987)).  "[T]he court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings" to assess sanctions under the bad faith inherent power standard.  *BDT Products, Inc. v. Lexmark Intern., Inc.*, 600 F.3d 742, 754 (6th Cir. 2010).  "Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose . . . ." *Id.*

Here, the Court has concluded that the plaintiff should bear the day-of and preparation costs of Robinson's deposition, but the fact that the defendants are entitled to such relief is insufficient for the imposition of bad faith sanctions.  Although the defendants raise a cogent point that, putting aside the dispute over preparation costs, Payne contested the actual day-of deposition costs and would not pay those without a court order, the Court declines to award fees and costs on this ground.  [Record No. 49, p. 9]  The plaintiff's obstinacy regarding the $600.00 day-of costs fails to, meet the third *Big Yank Corp.* prong because the record indicates that counsel for the plaintiff had offered to pay these costs in an e-mail if the defendant

submitted a new invoice.  Counsel for the plaintiff subsequently opposed paying these costs in his response to the pending motion, but this e-mail demonstrates that he attempted to negotiate and resolve the deposition costs issue in good faith.

In summary, there is no clear indication that Payne or its attorney acted to hamper the enforcement of the Court's Order dismissing the case or with any other improper motive. Therefore, the Court declines to exercise its inherent power to assess attorneys' fees and costs associated with the filing of this motion.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Defendants City of Mt. Sterling, Kentucky's and Mt. Sterling Water and Sewer Commission's motion [Record No. 45] is **GRANTED**, in part, and **DENIED**, in part.

2.      Plaintiff Payne Property Management, LLC, is **DIRECTED** to pay the preparation and day-of costs associated with Robinson's deposition.

3.      The defendants are **DIRECTED** to pay the preparation costs associated with Berkley's canceled deposition.

4.      The defendants' request for fees and costs associated with the filing of the pending motion is **DENIED**.

Dated:  August 11, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky